hIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAALA DILL, | § | |
| | § | |
| Movant, | § | |
| | § | No. 3:19-cv-02831-L (BT) |
| v. | § | No. 3:17-cr-00416-L-3 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Jaala Dill, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct her sentence under 28 U.S.C. § 2255. The District Court referred the resulting action to the United States magistrate judge pursuant to 28 U.S.C. 636(b) and a standing order of reference. For the following reasons, the Court should deny Dill's § 2255 motion.

I. Background

Dill pleaded guilty to interference with commerce by robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951(a) and 2. Dill's Presentence Report (PSR) calculated a total offense level of 33, which included enhancements under U.S.S.G. §§ 2B3.1(b)(2)(B) and 2B3.1(b)(2)(C) for the use of a firearm. PSR ¶¶ 47, 54, 62, 68 (CR ECF No.

1

174-1).[1] Dill also had a criminal history category of I. Thus, her resulting guideline range was 135 to 168 months' imprisonment. PSR ¶ 125; (CR ECF No. 259 at 1). At sentencing, the District Court granted Dill's motion for a downward variance. (CR ECF No. 259 at 4.) The District Court also adopted her PSR without change. (CR ECF No. 259 at 1.) On June 22, 2018, the District Court sentenced Dill to 84 months' imprisonment and ordered her to pay restitution in the amount of $1,639.39. Dill did not appeal to the Fifth Circuit Court of Appeals.

On October 3, 2019, Dill filed her § 2255 motion. (CV ECF No. 1). In her sole claim, she argues that her "gun enhancement is now void-for-vagueness under" the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Mot. 4 (CV ECF No. 1). The Government argues that Dill's *Davis* claim is meritless, and even if it were not meritless, it has been waived. Dill do not file a reply, and the time for doing so has passed. The motion is now fully-briefed and ripe for determination.

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CR ECF" refers to the criminal action, Case No. 3:17-cr-416-L-3, and "CV ECF" refers to this civil action, Case No. 3:19-cv-2831-L-BT.

II. Legal Standards and Analysis

A.    Dill's *Davis* claim is meritless.

In her sole claim, Dill argues that, under *Davis*, the Court should resentence her without the firearm enhancements.[2] Mot. 4 (CV ECF No. 1). In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held that the residual clause of § 924(c)(3) is unconstitutionally vague. *Id.* at 2336. However, Dill was not convicted under § 924(c). Rather, she was convicted only of one count of Hobbs Act robbery under § 1951(a). And *Davis* is not applicable to guideline enhancements. *See United States v. London*, 937 F.3d 502, 507 (5th Cir. 2019) (reasserting the Supreme Court has yet to decide whether a vagueness challenge to the residual clause of U.S.S.G. § 4B1.2 can be raised under the pre-*Booker* Sentencing Guidelines); *see also Villicana v. United States*, 2019 WL 6498090, at *2 (N.D. Tex. Dec. 3, 2019). Additionally, Dill cannot challenge the firearm enhancements the Court applied at sentencing as unconstitutionally vague because the Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause. *See Beckles v. United States*, 137 S. Ct. 886, 895 (2017);

---

[2] Dill argues that the Court applied the firearm enhancements under § 2D1.1(b)(1). Mot. 13 (CV ECF No. 1). She is mistaken. The Court applied firearm enhancements under U.S.S.G. §§ 2B3.1(b)(2)(B) and 2B3.1(b)(2)(C). PSR ¶¶ 47, 54, 62, 68. In any event, this does not impact the Court's analysis because *Davis* is not applicable to Dill's case.

*see also Tellez-Solorzano v. United States,* 2021 WL 3618111, at *3 (N.D. Tex. Aug. 13, 2021).

B.  Dill's *Davis* claim is waived.

Even if Dill's claim did not fail on the merits, it has been waived. On January 9, 2018, Dill pleaded guilty pursuant to a written plea agreement. (CR ECF No. 88.) The plea agreement specifically included the following waiver provision:

> **Waiver of right to appeal or otherwise challenge sentence:** The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceeding under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(*Id.* at 6.) Dill's *Davis* claim does not specifically fall within any reservation of rights contained in this appellate-rights waiver provision.

Generally, courts will enforce a collateral review waiver provision where the waiver "was knowing and voluntary, and if the waiver applies to the circumstances at hand." *United States v. Walters,* 732 F.3d 489, 491 (5th Cir. 2013) (citing *United States v. Bond,* 414 F.3d 542, 544 (5th Cir. 2005)); *see also United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994). However,

4

the Fifth Circuit Court of Appeals has recognized exceptions to this general enforcement rule where a movant raises a claim of ineffective assistance of counsel or the sentence exceeds the statutory maximum. *United States v. Barnes,* 953 F.3d 383, 388-89 (5th Cir. 2020); *see also United States v. Hollins,* 97 F. App'x 477, 479 (5th Cir. 2004).

Here, there is no indication from the record that Dill's appellate-rights waiver was not informed and voluntary. In fact, in her plea agreement, Dill acknowledged her guilty plea was "freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentences the Court will impose." (CR ECF No. 88 at 6.) Dill additionally acknowledged that she had "thoroughly reviewed all legal and factual aspects of this case with [her] lawyer and [was] fully satisfied with that lawyer's legal representation . . . [she] ha[d] received from the defendant's lawyer explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement." (*Id.*) Dill then conceded "that defendant is guilty, and after conferring with the defendant's lawyer, [she] has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case." (*Id.* at 6-7.)

The Fifth Circuit Court of Appeals has not specifically ruled on the validity of a collateral-review waiver in the context of *Davis*, but the Court recently addressed a case that is otherwise comparable and instructive here: *United States v. Barnes,* 953 F.3d 383 (5th Cir. 2020).[3] In *Barnes*, the movant pleaded guilty pursuant to a plea agreement and waived his right to challenge his conviction and sentence, directly and collaterally, and he was sentenced under the ACCA. 953 F.3d at 385. Then, in *Johnson v. United States,* 576 U.S. 591 (2015), the Supreme Court held the ACCA's residual clause to be unconstitutional. *Barnes,* 953 F.3d at 385. Barnes filed a motion under 28 U.S.C. § 2255, which was based on *Johnson. Barnes,* 953 F.3d at 385. The district court dismissed Barnes's motion, and he appealed. *Id.*

Before the Fifth Circuit Court of Appeals, Barnes attempted to attack the validity of his waiver by arguing that he could not waive a right that was unknown at the time of his waiver. *Id.* at 386-87. The Court noted his argument was foreclosed by *United States v. Burns,* 433 F.3d 442 (5th Cir. 2005), which held that "an otherwise valid appeal waiver is not rendered invalid, or inapplicable to an appeal seeking to raise a *Booker* . . . issue

---

[3] The Fifth Circuit previously held that a *Davis* claim did not fall within the terms of an appellate rights waiver in a plea agreement. *See United States v. Picazo-Lucas,* 821 F. App'x 335 (5th Cir. 2020) (per curiam). However, that decision is not controlling here because it was made in the context of a direct appeal. The decision was also made in an unpublished opinion. *See Ballard v. Burton,* 444 F.3d 391, 401 n.7 (5th Cir. 2006) ("An unpublished opinion issued after January 1, 1996 is not controlling precedent, but may be persuasive authority.").

(whether or not that issue would have substantive merit), merely because the waiver was made before *Booker*." *Barnes,* 953 F.3d at 387. The Court also noted that "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea resulted on a faulty premise." *Id.* at 387 (quoting *Brady v. United States,* 397 U.S. 742, 757 (1970)). The Court pointed out that it had only recognized two exceptions to the general rule that a knowing and voluntary appellate and collateral-review waiver is enforceable: (1) ineffective assistance of counsel, and (2) a sentence exceeding the statutory maximum. *Id.* at 388-89. In another attempt to attack the validity of his waiver, Barnes argued that his sentence was unlawfully imposed because, following the Supreme Court's decision in *Johnson*, it violated the Constitution. *Id.* at 389. The Court found "that doesn't get [Barnes] out from under the collateral-review waiver to which he agreed." *Id.* The Court further found that this is so because "defendants can waive the right to challenge both illegal and unconstitutional sentences." *Id.* Finally, Barnes argued that his waiver should not be enforced due to the "miscarriage of justice" exception. *Id.* The Court refused to apply the exception, noting that although other circuits recognize such an exception, the Fifth Circuit has declined to explicitly adopt or reject it. *Id.* (citing *United States v. Ford,* 688 F. App'x 309, 309 (5th Cir. 2017) (per curiam)).

7

Ultimately, the Fifth Circuit held that Barnes's § 2255 motion was barred by the collateral-review waiver and dismissed his appeal. *Id.* at 390.

In sum, Dill's plea was knowing and voluntary, and her *Davis* claim is barred by the appellate-rights waiver in her plea agreement. *See Jones v. United States*, 2020 WL 7753718, at *3-*5 (N.D. Tex. Dec. 10, 2020) (Rutherford, M.J.) (holding the movant's *Davis* claim was waived under the collateral remedy waiver in his plea agreement), *rec. adopted* 2020 WL 7711910 (N.D. Tex. Dec. 29, 2020) (Boyle, J.); *Brooks v. United States*, 2020 WL 1855382, at *3-*4 (N.D. Tex. Mar. 2, 2020) (Toliver, M.J.) (same), *rec. adopted* 2020 WL 1848050 (N.D. Tex. Apr. 13, 2020) (Lynn, C.J.); *see also United States v. Williams*, 2020 WL 7861309, at *2 (E.D. La. Dec. 31, 2020) (same); *Hernandez v. United States*, 2020 WL 4782336, at *2 (E.D. Tex. June 16, 2020) (same), *rec. adopted* 2020 WL 4747720 (E.D. Tex. Aug. 15, 2020); *Kimble v. United States*, 2020 WL 4808608, at *2 (E.D. Tex. June 25, 2020) (same), *rec. adopted*, 2020 WL 4793243 (E.D. Tex. Aug. 17, 2020).

At least one court in this district has found that, with respect to a *Davis* claim, the collateral remedy waiver is unenforceable under the miscarriage of justice exception. *See Ornelas-Castro v. United States*, 2021 WL 1117172, at *2 (N.D. Tex. Mar. 23, 2021) (Kinkeade, J.) (relying on the miscarriage of justice exception to grant relief on a *Davis* claim under § 2255); *Thompson v. United States*, 2020 WL 1905817, at *1-*2 (N.D. Tex.

8

Apr. 17, 2020) (Kinkeade, J.) (same); *Pearson v. United States*, 2020 WL 1905239, at *3-*4 (N.D. Tex. Apr. 17, 2020) (Kinkeade, J.) (same). The Court should decline to apply the miscarriage of justice exception here because the Fifth Circuit Court of Appeals recently held: "Though some circuits recognize [the miscarriage of justice] exception, we have declined explicitly either to adopt or reject it." *Barnes*, 953 F.3d at 389 (citing *Ford*, 688 F. App'x at 309); *see also United States v. Flores*, 765 F. App'x 107, 108 (5th Cir. 2019) ("[W]e repeatedly have declined to apply the miscarriage of justice exception.") (citing *United States v. Arredondo*, 702 F. App'x 243, 244 (5th Cir. 2017); *United States v. De Cay*, 359 F. App'x 514, 516 (5th Cir. 2010)); *United States v. Powell*, 574 F. App'x 390, 394 (5th Cir. 2014) (per curiam) (noting that the Fifth Circuit has found it unnecessary to adopt or reject analysis under the miscarriage of justice) (citing *United States v. Riley*, 381 F. App'x 315, 316 (5th Cir. 2010)).

For these reasons, Dill's *Davis* claim is waived.

### III. Recommendation

For the foregoing reasons, the Court should DENY Dill's § 2255 motion.

Signed May 12, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

9

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).